UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| UNITED STATES OF AMERICA, | ) | Criminal Action No. 5: 15-05-DCR |
| :--- | :--- | :--- |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 17-152-DCR |
| V. | ) | |
| | ) | |
| ZAKIYYAH TAHEERAH GOODEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Defendant Zakiyyah Gooden's has moved to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [Record No. 470] The motion was referred to United States Magistrate Judge Candace J. Smith for review and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Smith issued a lengthy R&R on November 30, 2017, recommending that the defendant's motion be denied. [Record No. 494] The defendant filed objections to the R&R on December 19, 2017. [Record No. 495] Thereafter, the United States filed a cursory response to the defendant's objections. [Record No. 496]

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which specific objections are made, 28 U.S.C. § 636(b)(1)(C), "[w]here no objections are made, or the objections are vague or conclusory, the Court is not required to review under a *de novo*, or any other, standard." *United States v. Hale*, Case No. 15-cr-18, 2017 WL 6606861, at \*1 (E.D. Ky. Dec. 26, 2017) (citations

omitted). The defendant's objections simply reiterate arguments that have already been considered and rejected in the R&R. Nevertheless, the Court has examined the record and, having made a *de novo* determination, agrees fully with the Magistrate Judge's analysis.

The relevant facts are fully set forth in the R&R. In summary, the defendant admitted that she participated in a conspiracy to obtain money by defrauding federally-insured financial institutions with counterfeit checks, and pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. [Record No. 378] The Plea Agreement recommended certain Sentencing Guidelines calculations, but noted that the parties did not reach any agreements regarding the defendant's criminal history category and that the parties' calculations were not binding upon the Court. [*Id.*]

The Court accepted the defendant's guilty plea after finding that she was competent and capable of entering an informed plea, and that she understood all of the terms of the Plea Agreement, the rights she was giving up, and the potential penalties she faced. [Record No. 479] The Court also advised the defendant that any guideline calculation outlined in the Plea Agreement was not binding, and that if the sentence ultimately imposed differed from what she expected, she would not be able to withdraw her guilty plea. [*Id.*]

The United States Probation Office prepared a Presentence Investigation Report ("PSR") which adopted the parties' recommended calculations, but also added a two-level increase in the offense level calculation for relocation, a two-level increase for identity theft, and a three-level increase for the defendant's supervisory role, resulting in a total offense level of twenty-seven. The PSR also placed the defendant in Criminal History Category III,

resulting in a non-binding range of 87 to 108 months' imprisonment under the United States Sentencing Guidelines.

The defendant's attorney objected to the enhancements recommended in the PSR. However, the Court overruled the defendant's objections, finding that the enhancements were properly applied. [Record Nos. 343, 365, 366, 434] The Court also determined that the intended loss amount attributable to the defendant was $1,084,196.75. The defendant's counsel subsequently moved for a downward departure from the non-binding guideline range, arguing that Criminal History Category III overstated the seriousness of the defendant's criminal history and that the $1,084,196.75 loss amount significantly overstated the severity of the offense because the actual pecuniary harm resulting from the full scope of the criminal activity was $205,683.10. [Record No. 369] The undersigned considered but rejected counsel's arguments, and imposed a within-guidelines sentence of imprisonment of ninety-seven, to be followed by five years of supervised release, a $100 special assessment, and restitution in the amount of $205,683.10. [Record Nos. 369, 399, 480]

The defendant subsequently filed the instant motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, arguing that she received ineffective assistance of counsel. [Record No. 470] Gooden alleged six grounds in support of her claim and sought an evidentiary hearing and leave to withdraw her guilty plea. [Record Nos. 470, 472] The Magistrate Judge found that the defendant sought to either renegotiate the terms of her Plea Agreement or attack the Court's Guidelines calculations in the guise of a § 2255 motion. However, each of the defendant's arguments either failed to meet the standard set forth in

*Strickland v. Washington*, 446 U.S. 668, 686 (1984), or were unsupported by the record. [Record No. 494]

The defendant now raises five objections to the R&R. [Record No. 495] First, she argues that her counsel provided ineffective assistance by failing to explain that venue may not have been proper in the Eastern District of Kentucky for some of the conduct at issue, and for failing to explain that her Plea Agreement was an admission to other acts in furtherance of the conspiracy outside of the Eastern District of Kentucky. [Record No. 495] But as the Magistrate Judge concluded, this argument "is meritless because venue was proper in the Eastern District of Kentucky for all conduct in furtherance of the conspiracy, regardless of the location of that conduct outside of the forum state." [Record No. 494, p. 18] Thus, Gooden's attorney did not provide ineffective assistance by failing to *incorrectly* advise that venue may have been improper in this district. Further, as the Magistrate Judge found, "[p]rior to the entry of her plea, Gooden was properly advised that she would be responsible for conduct that occurred outside of the Commonwealth of Kentucky." [Record No. 494, p. 20] And her argument to the contrary is belied by the express language of the Plea Agreement and her colloquy with the Court during the change of plea hearing. Accordingly, the defendant's first objection to the R&R is without merit.

Gooden next argues that her counsel provided ineffective assistance by failing to advise that the Court could impose a sentence higher than the range recommended by the parties through the Plea Agreement. [Record No. 495] She states that the Magistrate Judge rejected this argument solely based on her attorney's contrary representation and she requests an evidentiary hearing to determine who is telling the truth. [*Id.*] The Magistrate Judge's

recommendation, however, is *not* based solely on the defendant's attorney's statement. [Record No. 494, p. 25-29] Instead, the Magistrate Judge found that the defendant's claim that she was not advised that the Court could impose a higher sentence than the parties recommended was inconsistent with the express language of the Plea Agreement and the Court's express explanation given during the change of plea hearing that "if your attorney's prediction or your belief about your guidelines were to be incorrect, that wouldn't ordinarily be a reason to withdraw from your plea agreement." [*Id.* at p. 25, 27] Accordingly, the defendant's second objection to the R&R is also unavailing.

The defendant's third objection is that her counsel provided ineffective assistance by failing to object to the Court's calculation regarding the amount of loss associated with her relevant conduct. [Record No. 495] However, as the Magistrate Judge noted, the record demonstrates that the defendant's counsel *did*, in fact, object to the amount of loss associated with her relevant conduct on multiple occasions. The defendant's argument fails because "[c]ounsel who raises an argument is not constitutionally deficient merely because the court rejects such an argument." [Record No. 494, p. 30] The defendant contends that her counsel should have made better use of a forensic investigator hired to analyze the loss data. [Record No. 495] However, as the Magistrate Judge explained, even if this somehow amounted to deficient performance, the defendant cannot establish that she suffered resulting prejudice. The defendant was fully advised of the maximum loss amount the United States would seek prior to pleading guilty. "As a result, [the d]efendant cannot show that this factor affected her decision to enter a plea of guilty instead of going to trial." [Record No. 494, p. 31]

Fourth, the defendant argues that she was entitled to a free copy of her sentencing transcript prior to filing her supplemental response to the United States' opposition. [Record No. 495] The defendant filed a motion to obtain transcripts on July 6, 2017. [Record No. 490] The Court denied that motion, without prejudice, because the defendant had not filed the documents necessary to demonstrate that she was entitled to proceed *in forma pauperis* and did not articulate a specific basis of need. [Record No. 491] The defendant now contends that she was entitled to her sentencing transcripts because she is a *pro se* litigant with "very limited experience to articulate the way the court would like." [Record No. 490] However, the defendant never supplemented or renewed her motion to obtain transcripts, and has still not made the required showing. As a result, the Magistrate Judge correctly found that "[the defendant's] lack of transcript is due to her own unresponsiveness." [Record No. 494, p. 37]

Finally, Gooden argues that the Magistrate Judge erred by rejecting her argument -- raised for the first time in her supplemental response to the United States' opposition to her motion -- that *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), applies to the issuance of restitution in this case. [Record No. 495] But as the Magistrate Judge explained, "[this] argument is barred procedurally because it was newly raised in Gooden's Supplemental Response, Gooden previously waived her challenge on direct appeal, and a § 2255 Motion may not be used to raise a freestanding challenge to the noncustodial components of a defendant's sentence." [Record No. 494, p. 39] "Further, Gooden's reliance on *Honeycutt* in support of her 'forfeiture' issue is inapplicable because Gooden was not subject to a

forfeiture judgment, but rather an order of restitution." [*Id.*] Accordingly, the defendant's fifth objection to the R&R provides no basis for any relief.

A Certificate of Appealability shall not issue in this case. As the Magistrate Judge concluded, "reasonable jurists would not debate the denial of [the d]efendant's subject Motion. Nor would reasonable jurists conclude that the issues presented are adequate to deserve encouragement to proceed further." [*Id.* at 43] (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529, U.S. 473, 484 (2000)).

Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 494] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Gooden's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Record No. 470] is **DENIED**.

3. Defendant/Movant Gooden's claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

4. A Certificate of Appealability shall not issue.

5. A Judgment in favor of the United States shall issue this date.

This 3rd day of January, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge